Surrogate's Court, New York County, October, 1917.   [Vol. 101.

Matter of the Estate of LUCY B. TROUGHTON, Deceased.

(Surrogate's Court, New York County, October, 1917.)

**Referee — report — what should state on margin of — surrogates.**

> A surrogate's referee should separately state his findings of fact and conclusions of law and note on the margin of his report his disposition of requests to find.

MOTION to remit to a referee his report.

Marsh & Wever (Charles Capron Marsh, of counsel), for executor and trustee.

Merritt E. Haviland, for contestants Eliza M. Beard et al.

FOWLER, S.   This is a motion to remit to a referee his report for the purpose of separately stating his findings of fact and conclusions of law and for the purpose of requiring him to note on the margin of the requests to find his disposition thereof.   Although the referee has not separately entitled the findings of fact and conclusions of law, an examination of the report shows that such findings and conclusions are separately stated and numbered and, in my opinion, comply with section 1023 of the Code of Civil Procedure.

As to the second point, the question is whether section 2541 of the Code of Civil Procedure, which authorizes a surrogate to dispense with findings, applies to a surrogate's referee.   In my opinion section 2541 of the Code of Civil Procedure does not abrogate the provisions of section 1023 of the Code of Civil Procedure (made applicable to surrogates'

courts by sections 2536 and 2770 of the Code of Civil Procedure), in regard to the duty of a referee appointed by the surrogate to pass upon particular questions submitted. The motion to remit the referee's report should be granted to the extent of requiring the referee to note on the margin of the statement of requests to find the manner in which each proposition has been disposed of.

Decreed accordingly.